No. 615
### FORD-McCASLIN CO. v. EUCLID WINDSOR CO.
Ohio Appeals, 8th Dist., Cuyahoga County
No. 5063. Decided May 26, 1924
313. CORPORATIONS—1. Board of directors exercise conduct and control of business and property of corporations.
2. Burden on corporation to rebut presumption that officer conducting business has necessary corporate power.

SULLIVAN, J.        Epitomized Opinion
Published Only in Ohio Law Abstract

This was an action to recover $2,500 due under a contract. In November, 1919, a contract was entered into between the Ford-McCaslin Co. and the Euclid Windsor Co. to manage and supervise a building known as the Stuyvesant Building, which was then being erected at 4913 Euclid avenue. Later on the Windsor Company sold the building to the Stuyvesant

Motor Co. Negotiations were then started to cancel the written agreement. After some correspondence on agreemnt was entred into whereby the plaintiff was to pay the defendant $2,500 in cash, 60 shares of preferred stock and 10 shares of common stock in the Stuyvesant Motor Co., such stock to be issued in the name of one Hudson.

The letters containing such stock were signed by one Jacobs, vice-president of the Euclid Windsor Co. The stock was delivered, but the money was never paid over. After a considerable period of time this action was brought. At the close of the plaintiff's evidence the court directed a verdict for the defendant upon the ground that there was no evidence to show that the vice-president was athorized to make such an agreement for the Euclid Windsor Co. The plaintiff prosecuted error. In reversing the judgment of the lower court, the Court of Appeals held:

1. The corporate powers, business and property of corporations ought to be exercised, conducted and controlled by the Board of Directors.

2. The presumption is that the officer of the corporation acted not without authority from the corporation, but that he acted with the authority of the corporation because the character and contents of the instruments of writing bear the stamp of corporate authority, and the burden rested upon the Company to prove lack of authority, especially in the fact of partial performance of the cancellation contract.

Attorneys—Tolles, Hogsett, Ginn & Morley, for Ford-McCaslin Co.; Guthery, Guthery, Binyon & Williams, for Euclid Company; all of Cleveland.